**Georgia B. CORDELL, Plaintiff,**

v.

**GREENE FINANCE COMPANY OF GEORGETOWN, GEORGIA; Voyager Indemnity Insurance Company; and Fictitious Defendants A, B, and C, Defendants.**

Civ. A. No. 95–D–220–N.

United States District Court,
M.D. Alabama,
Northern Division.

July 6, 1995.

As Corrected Aug. 11, 1995.

Samuel L. Adams, Jimmy K. Moulton, Dothan, AL, for plaintiff.

David G. Crockett, Atlanta, GA, for Greene Finance Co.

William B. Hairston, III, Nathan R. Norris, Birmingham, AL, for Voyager Indem. Ins. Co.

## MEMORANDUM OPINION

DE MENT, District Judge.

Before the court is Defendant Greene Finance Company of Georgetown, Georgia's ("Greene Finance") motion to dismiss (filed February 17, 1995) for lack of personal jurisdiction and improper venue. Greene Finance simultaneously submitted a supporting brief. On March 13, 1995, Georgia B. Cordell (the "Plaintiff" or Mr. "Cordell") filed a response and brief in opposition to Greene Finance's motion. The court has carefully and thoroughly reviewed the pleadings, arguments and relevant law and finds that Greene Finance's motion is due to be denied.

## BACKGROUND

This matter stems from a series of consumer loans and insurance sales made by the Defendant Greene Finance [1] to Mr. Cordell.[2] Mr. Cordell, a resident citizen of Barbour County, Alabama allegedly borrowed a sum of money from Greene Finance on May 14, 1992. As a condition for acquiring the loan, Plaintiff contends that Greene Finance required him to purchase and, acting as agent of Voyager Indemnity Insurance Company ("Voyager Indemnity"), sold him purchase credit life insurance and disability insurance. According to Plaintiff, he borrowed a second and third sum of money on May 3, 1993, and April 14, 1994, respectively. Just as with the first purported loan, he contends that Greene Finance required him to purchase and, acting as Voyager Indemnity's agent, sold him credit life insurance and disability insurance. Mr. Cordell avers that after each loan he received solicitation correspondence from Greene Finance encouraging him to borrow more money and refinance his existing debt.

Initially, Plaintiff filed the above-styled action in the Circuit of Barbour County, Alabama. Mr. Cordell claims that Defendants knowingly made material misrepresentations concerning the credit life and disability insurance. Plaintiff contends that the insurance coverages are not required, but, induced by Defendants' misrepresentations, he purchased the insurance. He also contends that Defendants violated §§ 7-3-14 and 17 of the Georgia Industrial Loan Act in not refunding the prepaid credit life and disability insurance premiums to the borrower upon payment of the outstanding balance before maturity.

Defendants removed this action to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441 on February 16, 1995.[3] Greene Finance then filed the pleading presently under review. It claims that the court may not properly assert jurisdiction over its person because it lacks the necessary minimum contacts with the state of Alabama.[4] Greene Finance also contends that venue is improper in this court.

## DISCUSSION

■ In order to determine whether personal jurisdiction exists, a federal court sitting in diversity must initially look at the state long-arm statute, and then at federal due process requirements. *Cronin v. Washington National Insurance Co.*, 980 F.2d 663, 670 (11th Cir.1993) (citing *Pesaplastic C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1521 (11th Cir.1985)). Federal courts are "bound by state law concerning the amenability of a person or corporation to suit, so long as state law does not exceed the limitations imposed by the Due Process Clause of the Fourteenth Amendment." *Pesaplastic, C.A.*, 750 F.2d at 1521 (quoting

1. Greene Finance is a Georgia corporation having its principal place of business in Georgia.

2. Plaintiff stipulated to dismiss without prejudice Voyager Indemnity Insurance Company as defendant in the above-styled action.

3. This could have been filed in a United States district court initially because Mr. Cordell's citi-

zenship, Alabama, is diverse in relation to that of Greene Finance, Georgia, and Voyager Indemnity, Georgia and Texas.

4. On March 13, 1995, Plaintiff stipulated to dismiss without prejudice Voyager Indemnity.

*Washington v. Norton Manufacturing, Inc.,* 588 F.2d 441, 444 (5th Cir.), *cert. denied,* 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313 (1979)).[5]

■ Alabama's long-arm statute permits personal jurisdiction predicated on minimum contacts to the extent allowed by the United States Constitution.[6] *See Martin v. Robbins,* 628 So.2d 614, 617 (Ala.1993) (the state's long-arm extends the jurisdiction of Alabama's courts to the permissible bounds of due process). "When the courts of the forum State have interpreted the forum's long-arm statute to confer jurisdiction to the limits allowed by federal due process, state law need not be applied: [the court] need only ask whether the exercise of jurisdiction over the nonresident defendant comports with due process." *Vermeulen v. Renault U.S.A., Inc.,* 975 F.2d 746, 753 (11th Cir.1992) (citing *Olivier v. Merritt Dredging Co., Inc.,* 954 F.2d 1553, 1557 (11th Cir.1992)).

■ The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties or relations." *International Shoe,* 326 U.S. at 319, 66 S.Ct. at 160. The Due Process analysis entails a two-tiered inquiry. *Cronin,* 980 F.2d at 670; *Vermeulen,* 975 F.2d at 754. First, the court must determine whether the defendant engaged in minimum contacts with the forum state. *Id.* Next, the court must consider whether the exercise of personal jurisdiction over Cordell would offend "traditional notions of fair play and substantial justice." *Madara v. Hall,* 916 F.2d 1510, 1515–16 (11th Cir.1990) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed.95 (1945)). Essentially, the test is designed to ensure that a defendant has fair warning that a particular activity may bring it within the jurisdictional grasp of a foreign sovereign. *Vermeulen,* 975 F.2d at 754.

■ The Eleventh Circuit has noted that the first prong of the due process analysis is satisfied when the defendant's contacts with the forum proximately result from actions by the defendant that create a substantial connection with the forum state. *Cronin,* 980 F.2d at 670; *Madara,* 916 F.2d at 1516. In *Cronin,* the court found that the allegation that an agent of a Florida noncitizen insurance company orally offered to obtain insurance for a Florida resident was sufficient to conclude that said agent had purposely availed himself of the benefits of Florida law, so that the agent could reasonably expect to be sued in Florida. The court reached this determination although it was not conspicuous whether a contract had actually been created.

■ In the case at bar, Plaintiff contends that he received solicitation letters encouraging him to refinance outstanding loans. Plaintiff has submitted eight solicitation letters from Greene Finance. The dates on the correspondence range from October 20, 1994 to February 3, 1995, and contain the account number 5657/5. The letter dated October 20, 1994, reads:

> Dear GEORGIA
> FALL IS HERE, BRINGING COOL AIR, AND NEW CLOTHES TO WEAR. COME IN TODAY AND GET THE MONEY YOU NEED FOR THE NEW SEASON. REMEMBER WE ARE DOING FAST TAX REFUNDS THIS YEAR FOR ONLY $79.00. LOOKING FORWARD TO SEEING YOU SOON!
> JOHNNY, SAM, AND BRANDY
> P.S.: You may renew your account and receive approximately $101.00.
> Manager.

---

**5.** The United States Eleventh Circuit Court of Appeals has adopted as precedent the decisions of the former Fifth Circuit rendered before October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (*en banc*).

**6.** Rule 4.2 of the Alabama Rules of Civil Procedure provides in relevant part:
  (2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's:
    . . . .
    (I) ... having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend the action. The minimum contacts referred to ... shall be deemed sufficient ... so long as the prosecution of the action against a person in this state is not inconsistent with the ... Constitution of the United States.
  Ala.R.Civ.P. 4.2(a)(2).

In substance, the subsequent correspondence mirrored the contents of the foregoing letter.

Plaintiff is a resident of Clayton, Alabama and all correspondence was mailed there. Plaintiff contends that Greene Finance encouraged him to refinance existing debt. Green Finance, along with other businesses in Georgetown, Georgia, is listed in the same South Central Bell telephone directory as residents and businesses of Eufala, Alabama and Clayton, Alabama.

From this, the court cannot conclude that Greene Finance has not satisfied the minimum contacts requirement of the Due Process analysis. The court is not propounding that the mere listing of an entity's telephone number in a telephone directory automatically subjects such entity to the jurisdiction of another sovereign. However, where, as here, it is apparent that the entity has used its listing to its economic advantage, personal jurisdiction over such an entity will almost always be proper. The court further notes that Greene Finance has purposefully directed its activities toward Alabama's citizenry in mailing the solicitation correspondence. It is manifestly unfair to permit persons or entities to purposefully derive benefit from their interstate activities and then "escape having to account in other States for consequences that rise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473–74, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (citation omitted). Clearly, Greene Finance may not say that it ventured into Alabama not of its own volition.

Here, Greene Finance does not argue that it does not engage in systematic business in the State of Alabama; in fact, the extent of correspondence with Mr. Cordell in such a relatively brief period of time compels a different conclusion.[7] Neither has Defendant argued that Mr. Cordell is its only customer on the Alabama side of the Chattahoochee River.[8] The geographical proximity and solicitation correspondence make it highly unlikely that Greene Finance has no idea that it could be haled into an Alabama court, federal or state. The aforementioned contacts are the result of Greene Finance's substantial and volitional connection with the forum state. *See McGee v. International Life Insurance Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). The court finds that Greene Finance's contacts with the State of Alabama satisfies the Due Process requirements. Now the court must determine whether asserting jurisdiction over Greene Finance comports with "fair play and substantial justice."

■ In making this determination the court must consider several factors including: the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering substantive social policies. *Cronin,* 980 F.2d at 670–71.

■ Greene Finance maintains its office in Georgetown, Georgia, which rests on the eastern shore of the Chattahoochee River, which separates Alabama and Georgia. The court sits in Montgomery, Alabama, which is approximately 80 miles from the Alabama–Georgia border; therefore, the burden posed by distance on Greene Finance is negligible. This action raises questions of fraud. The Alabama Supreme Court has remarked, "Alabama has an interest in providing an effective means of recovery for a resident who has been damaged, especially in a situation [where the plaintiff claims that a nonresident defendant had an integral part in alleged fraud]." *Shrout v. Thorsen,* 470 So.2d 1222, 1225–26 (Ala.1985). Obviously, Cordell would rather have his case determined in a tribunal closer to home. Moreover, because

---

**7.** The purposeful availment requirement ensures that an out of state defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts. *See Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299, 100 S.Ct. 559, 568, 62 L.Ed.2d 490 (1980).

**8.** At various points, the Chattahoochee River separates Alabama and Georgia.

the action contains claims arising under Alabama and Georgia law, the goals of effective and expedient interstate judicial remedies would not be thwarted if a tribunal situated in Alabama would determine this action.

## CONCLUSION

Because an assertion of jurisdiction over Greene Finance neither violates the Due Process Clause of the Fourteenth Amendment nor offends "traditional notions of fair play and substantial justice," it is

CONSIDERED and ORDERED that Defendant Greene Finance's motion to dismiss for lack of personal jurisdiction be and the same is hereby DENIED. It is further

CONSIDERED and ORDERED that Greene Finance's motion to dismiss for improper venue be and the same is hereby DENIED.[9]

---

**9.** Given that the court finds that Greene Finance is amenable to suit in Alabama, the court finds that venue is proper. Pursuant to 28 U.S.C. § 1391:

A civil action wherein jurisdiction is founded only on diversity of citizenship ... may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject matter of the action is situated, or **(3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.**

28 U.S.C. 1391(b) (emphasis added).