Robert **REWERTS**, Sr., d/b/a **F & W Lawn Care and Landscaping**, and **Westfield Insurance Company**, as subrogee of **F & W Lawn Care and Landscaping**, Plaintiffs,

v.

**RELIANCE INSURANCE COMPANY**, Defendants.

No. 00–1350.

United States District Court, C.D. Illinois.

Nov. 13, 2001.

Melissa M. McGrath, Thomson & Weintraub, Bloomington, IL, James P. O'Brien, Leahy, Eisenberg & Fraenkel Ltd, Chicago, IL, for Plaintiff.

Christopher R. Barth, Lord Bissell & Brook, Chicago, IL, for Defendant.

## ORDER

GORMAN, United States Magistrate Judge.

In late 1996, Robert Rewerts and Westfield Insurance Company filed an action in McLean County, Illinois, for personal injuries arising out of a vehicular accident involving a semi-tractor trailer operated by Builder's Transport Inc. (BTI). BTI removed the case to this court. Eventually, judgment was entered against BTI and in favor of Rewerts in the amount of $247,966.48 and in favor of Westfield in the amount of $129,797.11. See, No. 97–1002. BTI was purportedly insured by Reliance Insurance Company. Reliance refused to indemnify BTI, raising various policy defenses in response to garnishment interrogatories. Rewerts and Westfield then filed this action, seeking a declaration of coverage.

Reliance in the meantime had been suffering financial difficulties. The Commissioner of Insurance of the Commonwealth of Pennsylvania filed a petition with the Commonwealth Court of Pennsylvania, asking that Reliance be placed into Rehabilitation in accordance with the Pennsylvania Insurance Department Act, 40 P.S. § 221.1–221.63. The court allowed the Petition, and entered a Rehabilitation Order dated May 29, 2001. The sixty (60) day stay authorized by that order was later extended by 180 days by Order of the Commonwealth Court on August 21, 2001. In the latter Order, the Commonwealth Court noted that there were over 190,000 claims and 15,000 lawsuits pending against Reliance and that one of the purposes of the stay was to "analyze pending litigation and outline a strategy to approach and resolve, in an orderly and fair manner, the competing issues and demands pending against Reliance." *Koken v. Reliance Ins. Co.,* —— A.2d ——, No. 269 Md. 2001, 2001 WL 959318 (Pa.Cmwlth., Aug. 21, 2001).

Based on that Order, Reliance filed a motion with this court, seeking a stay pursuant to that Order. A hearing was held on that motion, at which time the court directed the parties to file briefs on ab-

stention. However, on August 6, 2001, before this court had ruled, Reliance represented that the Rehabilitation Order had expired. The motion for stay was therefore denied.

Thereafter, Reliance advised this court that it had learned that the Rehabilitation Order had been extended by Order dated August 2, 2001. That Order included the following statement: "With respect to suits ... in the federal courts of the United States, this Order constitutes the request of this Court for comity in the extension of the stay by such courts or tribunals, and that those courts afford this order deference by reason of this Court's responsibility for and supervisory authority over the rehabilitations of Reliance Insurance Company."

Plaintiff Westfield Insurance Company has dismissed its claims. However, Plaintiff Rewerts opposes a stay and wishes to proceed to judgment in this case, believing that without a judgment in this case he has no "claim" to present to the Rehabilitation Court in Pennsylvania.

## Discussion

■ As a general rule, state courts are completely without power to restrain federal *in personam* proceedings. *Donovan v. Dallas,* 377 U.S. 408, 412–13, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964); *General Atomic Co. v. Felter,* 434 U.S. 12, 18–19, 98 S.Ct. 76, 54 L.Ed.2d 199 (1977). However, there are some circumstances in which federal courts abstain, recognizing that a matter is best resolved by the state courts. Because the McCarran Ferguson Act, 15 U.S.C. § 1011–1015, reserves to the states the power to regulate insurance companies (insurance companies are exempt from the Bankruptcy Codes' coverage, 11 U.S.C. § 109), insurance insolvency is an issue that is resolved by state law. Where an action in federal court implicates an on-going insolvency proceeding, the issue of abstention quite naturally arises.

Although there are several forms of abstention, their underlying premises and analytical approach overlap each other significantly, and in turn the abstention doctrines are informed by principles of ripeness and mootness. See discussion in *Hartford,* 913 F.2d at 424–25. Despite the overlap, however, in *Property & Casualty Ins. Ltd. v. Central Nat'l Ins. Co. of Omaha,* 936 F.2d 319, 321 (7th Cir.1991), the Court commented that *Burford* abstention, based on *Burford v. Sun Oil,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), is the "doctrine of choice" in analyzing whether to abstain in favor of state insurance liquidation and rehabilitation. See also, *Hartford Cas. Ins. Co. v. Borg–Warner Corp.,* 913 F.2d 419, 425 (7th Cir.1990)(applying *Burford* abstention to a dispute arising in the insurance context); *General Ry. Signal Co. v. Corcoran,* 921 F.2d 700, 708 (7th Cir.1991)(collecting cases). Nonetheless, because of the overlap between the doctrines of abstention, analysis under the *Burford* line of cases may borrow from other abstention analyses and may be guided by principles of ripeness and standing when appropriate. *Property & Casualty,* 936 F.2d at 321–22.

In *Burford,* the Texas legislature had created a complex administrative scheme for addressing the myriad of issues concerning local oil well drilling. Any order arising out of that mechanism could only be reviewed by a designated, specialized state court. In that way, confusion in the industry about standards and rules could be avoided. The plaintiff brought an action challenging four orders arising out of that context, claiming that they violated his Fourteenth Amendment rights. The Supreme Court determined that judicial review by the specialized state court was "expeditious and adequate," and that fed-

eral court review would result in "delay, misunderstanding of local law, and needless federal conflict with the state policy", 319 U.S. at 327, 333–34, 63 S.Ct. 1098, all effects that the Texas scheme had sought to avoid.

 Subsequent cases have articulated two instances, each stemming from one of the concerns of the *Burford* court, in which federal courts should abstain. First, the courts should abstain from deciding "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the present case." Second, abstention is proper when the exercise of federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Property & Casualty*, 936 F.2d at 322.

In *Hartford*, a captive insurance company was placed in rehabilitation; an order issued from the state court enjoining all actions against the company and its directors, except for the claims that were filed in the rehabilitation proceeding. Hartford filed a claim in the rehabilitation proceeding to recover reinsurance obligations owed by the captive insurance company. The rehabilitation order was modified, allowing outside actions against the directors, officers or stockholders. Hartford then filed an action in federal court against the captive's parent and the parent's other subsidiaries (which were all stockholders) for their roles in the captive's demise. The Seventh Circuit found abstention proper because any liability of the stockholders depended on a determination of the liability of the captive insurance company itself, the very issue being decided in the rehabilitation proceeding. The State of Illinois' interest in developing a uniform insurance rehabilitation process was "paramount." *Id.* at 426.

In *Property & Casualty*, one insurance company filed a diversity action against another, seeking recovery of amounts allegedly due under a re-insurance contract. The defendant insurance company was in rehabilitation under the laws of Nebraska. Without first obtaining an order from the Insurance Director, the Rehabilitator moved to stay or dismiss the federal action on the grounds of rehabilitation, and the district court concluded that *Burford* required abstention.

On appeal, the Seventh Circuit reversed, finding first that there are "two essential elements" of *Burford* abstention. The state "must offer some forum in which claims may be litigated," and that forum must be "special, standing in a special relationship of technical oversight or concentrated review to the evaluation of those claims." *Id.* at 323, 63 S.Ct. 1098. The specialized forum is a prerequisite to and not a factor in *Burford* abstention. *Id.* Under Nebraska law, no specialized forum was actually created. Instead, the Rehabilitator had the discretion to commence a specialized claims proceeding by "an affirmative effort." The Court was unable to determine from the record whether the Rehabilitator had taken such a step to commence the type of proceeding entitled to federal deference, and the Rehabilitator had not obtained a court order directing a stay of pending litigation. The case was remanded to the District Court for a determination of the procedural facts necessary to properly apply *Burford* abstention principles.

 In an important footnote, the *Property & Casualty* Court emphasized that *Burford* abstention requires a "very careful and fact-specific" inquiry. 936 F.2d at 326 n. 13. This footnote seems to explain the distinction between *Hartford* and *Property & Casualty*—the uncertainty of the record in the latter case made it im-

possible to undertake that detailed inquiry. What these two cases make clear is that there is no hard and fast rule requiring abstention in all cases in which a defendant insurer is in rehabilitation or liquidation under state law.

■ In the case before the court, it is Pennsylvania's Insurance Code that creates the framework for *Burford* analysis. That Code specifically provides that it applies to insurers "against whom claims arising from [insurance business done in Pennsylvania] may exist now or in the future." 40 P.S. § 221.2(1). A "creditor" is defined as a person "having any claim, whether matured or unmatured, liquidated or unliquidated, secured or unsecured, absolute, fixed or contingent." § 221.3.

Under the Code, the Insurance Commissioner files a petition in the Commonwealth Court[1] of Pennsylvania, seeking rehabilitation or liquidation of an insurer on one of the statutory grounds; in this case, rehabilitation was sought. Once the petition is allowed, the Commissioner conducts proceedings to determine the assets and liabilities of the insurance company. Based on those proceedings, a recommendation is issued to the court, which enters necessary orders. The Act specifically allows the Commissioner, acting as Rehabilitator, to "consider all litigation pending outside this Commonwealth and shall petition the courts having jurisdiction over that litigation for stays whenever necessary to protect the estate of the insurer." 40 P.S. § 221.17. This statutory scheme constitutes a comprehensive system to deal with insurance rehabilitation and liqui-

dation. See, *Reliance Nat'l Indemnity Co. v. Pinnacle Cas. Assur. Corp.,* 160 F.Supp.2d 1327, 1333–34 (M.D.Ala.2001); *Maleski v. Conning and Co.,* No. 94–7507, 1995 WL 570466 *4–5 (E.D.Pa. Sept.27,- 1995); *Twin City Bank v. Mut. Fire Marine & Inland Ins. Co.,* 646 F.Supp. 1139, 1142 (S.D.N.Y.1986).

The *Hartford* court described as "useful guidance" the four factors explicated by the Tenth Circuit in determining whether a federal court should exercise its jurisdiction in the context of the insurance industry; those factors are:

First, is the suit based on a cause of action that is exclusively federal? Second, does the suit require the court to determine issues that are directly relevant to state policy in the regulation of the insurance industry? Third, do state procedures indicate a desire to create special state forums to regulate and adjudicate these issues? Fourth, are difficult or unusual state laws at issue?

913 F.2d at 425, citing *Grimes v. Crown Life Ins. Co.,* 857 F.2d 699, 704–05 (10th Cir.1988), cert. denied, 489 U.S. 1096, 109 S.Ct. 1568, 103 L.Ed.2d 934 (1989).

In the case presently before this court, the plaintiff's cause of action is not exclusively federal. In fact, it is not federal at all-it is simply an action in execution of a federal judgment that requires declaration of coverage. This factor leans in favor of abstention. See, e.g., *Lac D'Amiante du Quebec v. American Home Assurance Co.,* 864 F.2d 1033, 1044 (3d Cir.1988)(court

---

1. The Pennsylvania Court system consists of the Special Courts, and the Courts of Common Pleas, which hear most criminal and civil matters from the outset. There are two separate appellate courts: The Superior Court, which hears appeals of civil and criminal matters, and the Commonwealth Court, which hears original civil cases brought by and against the State, as well as appeals from decisions by state agencies. Above these courts sits the Supreme Court, which among other appeals hears appeals of decisions by the Commonwealth Court in its original jurisdiction. The Commonwealth Court is comparable to the Illinois' Court of Claims.

may more readily abstain from a case that contains no issue of federal law).

With respect to the second factor, plaintiff asks this court to determine whether the insurance policy issued by Reliance includes coverage for the underlying judgment. Plaintiff argues first that, unlike the plaintiff in *Hartford*, he has no claim to present to the Pennsylvania tribunal until he has a judgment. That is simply not the case. The Pennsylvania Insurance Code includes among creditors those who have contingent claims, such as this one. There is no requirement in the Code that contingent claims be reduced to judgment before being presented to the Rehabilitator, and there is no impediment to plaintiff's filing a claim in the Rehabilitation proceedings, just as the insurance company did with its "claim" in *Hartford*.

Plaintiff next argues that a determination of coverage by this court is not a question that bears on the type of significant policy problems presented in *Hartford* but is more like the simple question presented in *Property & Casualty*. I disagree. The *Hartford* court disdained the plaintiff's efforts to limit the discussion to the relatively-small interests of the immediate litigation, instead considering those interests in the context of the wider, paramount interest of the state in a uniform insurance rehabilitation process. 913 F.2d at 426. Characterizing Hartford's suit as an attempt "to jump ahead" of the defendant's other creditors, the court found that there would clearly be an overlap between any federal judgment and decisions that would be made in the rehabilitation proceedings. *Id.*

As in *Hartford*, an integral part of the Pennsylvania statutory scheme is protection of the public and the policyholders from significant risks that arise out of various financial or operational problems of insurance companies. As evidence of Pennsylvania's interest in insurance companies, all litigation arising out of rehabilitation and liquidation occurs in the Commonwealth Court, the court that handles matters directly involving the State itself. Under the statutory scheme, it is the State that initiates rehabilitation proceedings, demonstrating the overriding State interest in those proceedings. To allow courts across the country in the 15,000 pending cases to decide issues that would impact the finances of Reliance would not just undermine that State policy; it would devastate it. It would invite inconsistent interpretations of coverage and would, as in *Hartford*, allow some creditors to jump ahead of others by obtaining extra-forum judgments. The result would be major disruption of the rehabilitation proceedings, not to mention erosion of the State's policy. The second factor weighs strongly in favor of abstention.

As does the third factor: do state procedures indicate a desire to create special state forums to regulate and adjudicate these issues. The state statute clearly anticipates a limited period of time for an insurer to get its financial house in order, to rehabilitate itself under the guidance of the Rehabilitator and the supervision of the Commonwealth Court. If that is not timely done, the Rehabilitator petitions for liquidation. All the substantive matters are heard and determined by the Rehabilitator, with approval upon conclusion by the Court and with the right of creditors to obtain a review of the Rehabilitator's determination of particular claims in that same Court. As in *Burford* and *Hartford*, this is an "expeditious and adequate" forum, and interference with it by this court would result in "delay, misunderstanding of local law, and needless federal conflict with the state policy."

Finally, as to the fourth factor, there appear to be no difficult questions of state

law. This court resolves coverage issues on a relatively regular basis. That single factor, however, does not outweigh the other three. Plaintiff has not directed the court's attention to other principles that might tip the balance toward a different conclusion. I therefore find that this court should abstain in this case.

### Conclusion

The Local Rules of this Court anticipate that a stay will be entered in "court-ordered reorganization or liquidation which stays ongoing debt collection proceedings." Local Rule CDIL 16.1(D). Accordingly, the defendant's motion to stay these proceedings is allowed. The stay shall remain effective for the balance of the 180 days, which is February 21, 2002, at which time the court will re-visit this matter at a telephone status conference at 10:00 a.m. The court will place the call. In the event that the Commonwealth Court or the Rehabilitator enter any relevant orders before that date, the parties are directed to advise this court immediately.