United Equitable Life Insurance Company (hereinafter "United") petitions for a writ of mandamus directed to the Circuit Court of Marshall County. We grant the petition.
The question here is whether the Circuit Court of Marshall County is bound, under the provisions of the Alabama Uniform Insurers Liquidation Act, see §§ 27-32-1(2)-(13); 27-32-4;27-32-5; and 27-32-15 through -22, Ala. Code 1975 (hereinafter "AUILA"), to grant an anti-suit injunction staying the litigation of a claim filed by Jerry and Marsha Bruce against United.
The facts are as follows: On May 15, 1990, United issued an accident and sickness insurance policy to Jerry and Marsha Bruce. However, in 1990, the director of insurance for the State of Illinois filed a domiciliary complaint against United in the Circuit Court of Cook County, Illinois, under the provisions of the Illinois version of the Uniform Insurers Liquidation Act, requesting the entry of an "order of rehabilitation." Such an order would, while appointing a receiver to oversee the company, freeze all properties and assets of the insurance company. The court entered such an order. As a part of the rehabilitation order, United has been prevented from paying any claims obligations that it might have under its insurance contracts.
The UILA has been adopted in several states to assure the equal treatment of insurance claimants against insurance companies doing business in more than one state. Section27-32-22(b) states: "The Uniform Insurers Liquidation Act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it."
In January 1991, Mrs. Bruce was hospitalized for an illness covered under the Bruces' policy with United, and the Bruces submitted a claim for the medical expenses. However, due to the rehabilitation order it was under, United did not pay this claim. The Bruces then sued United in the Circuit Court of Marshall County, their place of residence, to recover the benefits due under their policy. United moved, under the provisions of the AUILA, to stay this action because of the rehabilitation order. Its motion was denied, and United then petitioned this Court for a writ of mandamus directing Judge William Gullahorn of the Marshall County Circuit Court to stay the litigation of this matter.
We must first note that mandamus is relief to be issued only in rare circumstances. In fact, "if there is a doubt of the necessity or propriety, mandamus will not lie." Folmar v.Brantley, 238 Ala. 681, 685, 193 So. 122, 125 (1939). However, mandamus is the appropriate remedy under the circumstances of this case. The UILA was adopted in Alabama for the same reasons that it was adopted in Illinois: to uniformly protect the assets and property of consumers holding contracts with insurance companies that are in financial trouble. Further, under the AUILA, "the court may . . . issue such . . . injunctions or orders as may be deemed necessary to prevent . . . the obtaining of preferences, judgments, [or] attachments." Section 27-32-5(a).
Judge Gullahorn stated in his ruling that, although actual collection of the money *Page 1375 
owed to the Bruces by United would violate the rehabilitation order, merely obtaining a judgment against United would not. However, "[i]n cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion." Ex parte Ben-Acadia, Ltd.,566 So.2d 486, 488 (Ala. 1990). Provision 6 of the rehabilitation order restricts all officers and employees from paying any claims obligations to United's policyholders. Although this does not specifically prohibit the issuance of a judgment against United, the issuance of a judgment would undermine the very policy that the AUILA is based on. If this case were litigated and the Bruces obtained a judgment against United for the amount due under their policy, the judgment would give them priority for payment over others holding insurance contracts with United. The AUILA is meant to protect the interests of all policyholders until the company either becomes financially solvent again or some other form of action is taken. Therefore, until the Illinois court makes further determinations, the assets of United must remain neutral.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.