807 So.2d 163 (2002)
Emilio MANTERO-ATIENZA, M.D., Petitioner,
v.
Rafael J. SALVADOR, as Personal Representative of the Estate of Rafael Salvador and on behalf of Esperanza Salvador, as guardian, Respondents.
No. 3D01-3469.
District Court of Appeal of Florida, Third District.
February 13, 2002.
O'Connor, Chimpoulis, Restani, Marrero & McAllister, and David R. Cassetty, Coral Gables, for petitioner.
Grover, Weinstein & Trop, Miami Beach, and Mark S. Weinstein, Weston, for respondents.
Before JORGENSON, COPE and FLETCHER, JJ.
COPE, J.
Emilio Mantero-Atienza petitions for a writ of certiorari. We conclude that the trial court should have granted a stay of proceedings, and accordingly we grant the petition.

*164 I.
Emilio Mantero-Atienza, M.D., is a defendant in a lawsuit for medical malpractice and under chapter 400, Florida Statutes, pertaining to nursing homes. Dr. Mantero's medical malpractice carrier is Frontier Insurance Company, which is defending the medical malpractice portion of the case.
The New York superintendent of insurance has obtained an Order of Rehabilitation from the New York Supreme Court, whereby the superintendent has taken possession of Frontier's property in order to rehabilitate the company. Frontier is headquartered in New York.
As part of the Order of Rehabilitation, the New York Court has ordered a temporary stay of all proceedings "in which Frontier is obligated to defend a party pursuant to an insurance policy ... for a period of one hundred and eighty days from the date of entry of this order."[1] Counsel for Dr. Mantero Atienza moved for a temporary stay pursuant to this provision of the Order. The trial court denied the stay and this petition follows.

II.
As a matter of comity, the trial court should have entered a stay in deference to the New York Order of Rehabilitation. We entered a stay in indistinguishable circumstances in Cruise Holdings, Ltd. v. Mathiesen, 804 So.2d 334 (Fla. 3d DCA 2001). It is the public policy of Florida to cooperate in insolvency proceedings like those now before us.
If the situation were reversed so that there was a Florida insurance company receivership and a pending New York lawsuit, we could expect a Florida-ordered stay to be honored by New York. We should do no less in the case now before us.
Plaintiff-respondent Rafael J. Salvador argues that the petition is procedurally barred. He points out that there was an earlier motion for stay which Dr. Mantero-Atienza filed in September 2001 which was denied. However, the earlier motion for stay was filed when the New York insurance superintendent initiated his rehabilitation proceeding in the New York court. At that time, the New York court had not granted the petition and no stay order had been entered.
Thereafter, the New York court entered its Order of Rehabilitation which set forth, for the first time, the stay order. At that point defendant's counsel renewed the motion for stay. There is no procedural bar.
The plaintiff makes the mistaken argument that a stay should not be issued because the stay in this case is not within the scope of section 631.041, Florida Statutes (2001). For present purposes, we assume that is so. Regardless of whether section 631.041 applies, the New York court in its Order of Rehabilitation has entered a stay in order to allow the superintendent to proceed with rehabilitation of Frontier in an orderly manner. Comity is owed the New York Order.
The plaintiff complains that the rehabilitator has made settlement overtures and asked that the plaintiff make a settlement *165 demand. Plaintiff suggests this means the rehabilitator is ignoring the stay. To the contrary, it is the rehabilitator's responsibility to investigate pending claims in order to determine how best to resolve the affairs of the insolvent insurer.

III.
For the stated reasons, we quash the order denying the stay and direct that a stay be entered in conformity with the New York Order of Rehabilitation.
Certiorari granted.
NOTES
[1] The relevant provision of the order states, in full:

9. All parties to actions, lawsuits, and special or other proceedings in which Frontier is obligated to defend a party pursuant to an insurance policy, bond, contract or otherwise are enjoined and restrained from proceeding with any discovery, court conferences including but not limited to pretrial conference, trial, application for judgment or proceedings on settlements or judgments for a period of one hundred and eighty days from the date of entry of this order.