838 So.2d 1178 (2003)
FRONTIER INSURANCE COMPANY, Petitioner,
v.
AMERICAN TITLE SERVICES, etc., et al., Respondents.
No. 5D02-2611.
District Court of Appeal of Florida, Fifth District.
January 17, 2003.
James G. Lindquist of Barr, Murman, Tonelli, Slother & Sleet, Tampa, for Petitioner.
Anthony Britt of McKeever, Albert, Barth & Britt, Brandon, for Respondents.
SAWAYA, J.
Frontier Insurance Company ("Frontier") seeks certiorari review of a circuit court order that granted respondents' motion to lift a stay entered by a foreign court in a delinquency proceeding involving Frontier as an insolvent insurer. We grant the petition and quash the order under review.
Frontier issued a professional liability insurance policy to American Title Services of Citrus County, Inc. ("American Title"). American Title sought coverage under this policy after being sued for performing allegedly negligent title services for Meadows of Citrus County, Inc. ("Meadows") and Meadows Utility Company, Inc. ("Meadows Utility"). Frontier refused to honor American Title's claim and issued a disclaimer of coverage to American Title. American Title, Meadows, and Meadows Utility filed a complaint against Frontier in Citrus County, Florida, for declaratory relief and breach of an insurance contract.
After the Florida action was commenced, the Supreme Court of the State of New York entered an order on October 10, 2001, in a delinquency proceeding[1] involving Frontier, finding Frontier to be insolvent and directing the superintendent of insurance of that state to take possession of Frontier's property for purposes of rehabilitation.[2] *1179 The order of rehabilitation provided in part:
All persons are enjoined and restrained from commencing or prosecuting any action, lawsuits or proceedings against Frontier, or the superintendent as rehabilitator.
The order further provided for a six-month stay in all cases in which Frontier was obligated to defend a party pursuant to an insurance contract and for an indefinite stay in all proceedings in which Frontier was a defendant in an action. Cf. § 631.041(1)(a), Fla.Stat. (2002).
With this order in hand, Frontier filed a notice of stay and suggestion of rehabilitation in the Citrus County Circuit Court on December 19, 2001. The plaintiffs in the Florida action filed a motion to lift the stay of proceedings on April 27, 2002, which motion was granted.
When they moved to lift the stay, the plaintiffs cited section 631.67, Florida Statutes (2002) which provides for an automatic six-month stay of all proceedings in which the insolvent insurer is a party or is obligated to defend a party, commencing when the insurer is adjudicated insolvent. The plaintiffs argued that the automatic six-month stay had expired by April 27, 2002, as the order of rehabilitation was entered October 10, 2001. At issue in the instant case, though, is the indefinite stay of all proceedings against Frontier ordered by the court in the domiciliary state, not the six-month stay.
It is the public policy of Florida to cooperate with reciprocal states in delinquency proceedings involving an insurer. Mantero-Atienza v. Salvador, 807 So.2d 163 (Fla. 3d DCA 2002). New York, having also adopted a version of the Uniform Insurers Liquidation Act, is by definition a reciprocal state. § 631.011(20), Fla. Stat. (2002). Thus, under principles of comity, the Florida court should have honored the stay entered by the New York court. See Mantero-Atienza; American Bonding Co. v. Coastal Metal Sales, Inc., 679 So.2d 1250 (Fla. 2d DCA 1996).Accordingly, we conclude that the circuit court departed from the essential requirements of law in lifting the indefinite stay ordered by the New York court in the delinquency proceeding. The petition for writ of certiorari is granted, and the circuit court order is quashed.
PETITION GRANTED; ORDER QUASHED.
PALMER, J. and COBB, W., Senior Judge, concur.
NOTES
[1] A delinquency proceeding is a proceeding brought against an insurer "for the purpose of liquidating, rehabilitating, reorganizing, or conserving" the insurer. § 631.011(6), Fla. Stat. (2002).
[2] Under both Florida and New York's versions of the Uniform Insurers Liquidation Act, New York is the "domiciliary state" as Frontier was incorporated there. See § 631.011(7), Fla. Stat. (2002); N.Y. Insurance Law § 7408(4) (McKinney 2002).