853 So.2d 540 (2003)
Beverly GRUBER, Petitioner,
v.
CAREMARK, INC., Respondent.
No. 5D03-866.
District Court of Appeal of Florida, Fifth District.
August 29, 2003.
Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Petitioner.
Mark A. Faris of Hinshaw & Culbertson Ft. Lauderdale, for Respondent.
ORFINGER, J.
Beverly Gruber seeks certiorari review of an order staying the enforcement of an order entered by a Judge of Compensation Claims (JCC) in her worker's compensation *541 proceeding. For the reasons discussed below, we grant the petition.
After Gruber was involved in a work-related accident while employed by Caremark, Inc., Gruber filed a claim for worker's compensation. Caremark's worker's compensation insurer was Legion Insurance Company. While Gruber's worker's compensation claim was pending, an order was entered in the Commonwealth Court of Pennsylvania, placing Legion into rehabilitation. Paragraph 24 of the rehabilitation order provided:
(a) All court actions, arbitrations and mediations currently or hereafter pending against Legion in the Commonwealth of Pennsylvania or elsewhere are hereby stayed. (b) All court actions, arbitrations and mediations currently or hereafter pending against an insured of Legion in the Commonwealth of Pennsylvania or elsewhere are stayed for 90 days from the effective date of this order or such additional time as the rehabilitator may request.
Orders extending the stay through the date of Gruber's petition were entered later.
While the stay was in effect, Gruber and Caremark entered into a settlement regarding the worker's compensation claim.[1] Gruber, Caremark and Gallagher-Bassett Services, Caremark's servicing agent, also agreed to the entry of a stipulated order requiring Caremark/Gallagher-Bassett to pay Gruber's attorney the amount of $7,400 to resolve Gruber's claim for attorney's fees and costs. Based on the stipulation, the JCC then entered an order for attorney's fees that provided:
The employer/servicing agent shall have 30 days from the date of entry of this order to pay the counsel for claimant, David Hill, $7,400.00 for full and final resolution of all attorney's fees and costs due and owing regarding the above-captioned case from the date of accident April 25, 1997 through entry of this order.
When the attorney's fee remained unpaid, Gruber filed a rule nisi petition against Caremark in the circuit court pursuant to section 440.24(1), Florida Statutes (2002), seeking enforcement of the order awarding attorney's fees, alleging that Caremark had failed to pay the attorney's fees as ordered by the JCC. In response, Caremark asserted that the JCC's order was unenforceable because of the Pennsylvania stay order. Following the rule nisi hearing, the circuit court continued the proceedings, citing Frontier Insurance Co. v. American Title Services, 838 So.2d 1178 (Fla. 5th DCA 2003) until such time as the stay entered by the Pennsylvania court is lifted, effectively denying Gruber's petition.
In Frontier Insurance Company, this court quashed a circuit court order that granted relief from a stay entered by a foreign court in a rehabilitation proceeding involving Frontier as an insolvent insurer. We held that because both Florida and New York, Frontier's home state, had adopted a version of the Uniform Insurer's Liquidation Act (UILA), see generally Chapter 631, Florida Statutes (2002), the public policy of Florida required cooperation with reciprocal states in rehabilitation proceedings involving an insolvent insurer. As a result, we held that under the principles of comity, the circuit court should have honored the stay entered by the New York court. Importantly, Frontier was the defendant in the Florida action; in this action, Legion is not.
Gruber asserts that Frontier Insurance Company is inapposite to the instant case, *542 arguing that the application of a stay should have been raised in the underlying worker's compensation proceedings, not in the rule nisi proceedings in the circuit court. Gruber also argues that the order sought to be enforced in the rule nisi proceedings is not against Legion, but rather against Caremark based on the agreement she made with Caremark while the stay was in effect. Gruber argues that by entering into the stipulation regarding the payment of attorney's fees, Caremark waived any benefit of the stay.
The order of the Pennsylvania court stayed all actions against Legion and Legion's insureds, including Caremark. Pennsylvania is Legion's domiciliary state under section 631.011(7), Florida Statutes (2002), and arguably is a reciprocal state under section 631.011(20), Florida Statutes (2002). See Twin City Bank v. Mut. Fire Marine & Inland Ins. Co., 646 F.Supp. 1139 (S.D.N.Y.1986), aff'd, 812 F.2d 713 (2d Cir.1987) (although Pennsylvania has not formally adopted UILA, Pennsylvania should be considered a reciprocal state because it provides for the six central remedies supplied by the UILA). As a result, the Pennsylvania stay order would normally be honored in Florida under the principles of comity.
However, the issues that can be litigated in a rule nisi proceeding are limited. A rule nisi proceeding is for enforcement purposes only. The circuit court determines whether a JCC order is in full force and effect, and if it is, then issues a writ of execution or some other process to enforce the JCC order (assuming, of course, proper jurisdiction). In a rule nisi proceeding, the circuit court cannot determine issues which were raised, or should have been raised before the JCC. See Merritt v. Promo Graphics, Inc., 691 So.2d 632, 634 (Fla. 5th DCA 1997) (rule nisi procedure is not to be used to determine merits of underlying worker's compensation order or to resolve factual disputes between parties); Marion Corr. Inst., Fla. Dep't of Corrs. v. Kriegel, 522 So.2d 45 (Fla. 5th DCA 1988). Caremark did not claim the benefit of the stay before the JCC. As a result, we conclude that Caremark waived the benefit of the stay in the rule nisi proceeding. Cf. Snyder v. Douglas, 647 So.2d 275, 277 n. 4 (Fla. 2d DCA 1994) (where statutory stay was deemed waived when not raised before the court).
The stay was entered in Pennsylvania, Legion's domiciliary state, for the benefit of Legion, its insureds and Legion's receiver, to give them temporary relief from creditors and other obligations, such as the defense of lawsuits and settlement of claims. Nevertheless, Caremark was free to waive the stay in the instant case, particularly since Legion was not a party to the stipulation. Legion's assets are not affected by the JCC's order or the rule nisi proceeding, since Gruber only named Caremark as the respondent.[2]Cf. Jack-O-Lantern Spectacular, Inc. v. Usovicz, 16 Mass. L. Rptr. 335, 2003 WL 21500594 (Mass.Super. Ct.2003) (where action is not directly against the troubled insurer, but against its insured under a liability policy, the insurer's assets are not directly at risk and the reasons for enforcing a foreign court's stay of litigation is a good deal less *543 compelling than it might be in a direct action against an insurer). Had Caremark claimed the benefit of the stay before the JCC, under principles of comity, the JCC would have been required to stay the worker's compensation proceedings until the Pennsylvania stay was lifted. However, as Caremark did not raise that issue before the JCC, we conclude Caremark waived the benefit of the stay.
CERTIORARI GRANTED, ORDER QUASHED.
GRIFFIN and MONACO, JJ, concur.
NOTES
[1] That settlement is not an issue in this proceeding.
[2] Curiously, in the order approving the stipulation on attorney's fees, the servicing agent (Gallagher-Bassett) is listed as the carrier, not Legion. A servicing agent usually administers the worker's compensation claim, and is not the insurer. The servicing agent does not generally enter into a stipulation unless there are existing funds to pay the settlement or fees. However, the rule nisi petition was filed only against Caremark, the employer, so any questions concerning the servicing agent's obligations or liabilities as a party to the stipulation is beyond the scope of this certiorari proceeding.