BROWN, Justice.
The Home Insurance Company appeals from the trial court’s order granting the motion filed by the Montgomery County Commission (“the County”) to enforce a settlement agreement and entering a judgment in the amount of $250,000 against Home Insurance and in favor of the County. We vacate the trial court’s order and remand the case.

*678
Facts and Procedural History

Home Insurance is a New Hampshire corporation with its principal office located in Manchester, New Hampshire. In 1982, Home Insurance issued a “Public Officials Errors and Omissions Liability Insurance” policy to the County. On March 10, 1989, the County sued Home Insurance in the Montgomery Circuit Court alleging breach of contract and bad-faith failure to pay a claim. The complaint alleged that Home Insurance had abandoned its obligations under the policy to defend the County in a gender-discrimination lawsuit pending in federal court. The County later amended the complaint to allege a claim of fraud. Fourteen years later, in February 2003, the County and Home Insurance agreed to settle the case for $250,000.
On March 4, 2003, the Commissioner of Insurance for the State of New Hampshire (“the Commissioner”) filed in the Merrimack Superior Court of New Hampshire a petition for rehabilitation of Home Insurance. On March 5, 2003, the superior court appointed the Commissioner as reha-bilitator of Home Insurance. After determining that Home Insurance was insolvent, the Commissioner filed a petition to liquidate Home Insurance.
On May 12, 2003, Home Insurance’s counsel notified counsel for the County that he had received a check from Home Insurance payable to the County in the amount of the settlement but that he had been instructed not to deliver the check, because Home Insurance had been placed into “receivership” in New Hampshire. On June 6, 2003, the County moved the Montgomery Circuit Court to enter an order enforcing the settlement agreement.
On June 13, 2003, the Merrimack Superior Court found Home Insurance insolvent, entered an order of liquidation, and appointed the Commissioner as liquidator. In an order dated July 10, 2003, the Montgomery Circuit Court granted the County’s motion to enforce the settlement and purported to enter a judgment against Home Insurance in the amount of $250,000. Home Insurance filed a motion to alter, amend, or vacate the order, arguing that the County’s claim for the settlement amount should instead be filed in New Hampshire. The Montgomery Circuit Court denied Home Insurance’s motion, and Home Insurance appealed.

Discussion

On appeal, Home Insurance argues that Alabama’s version of the Uniform Insurers Liquidation Act (“UILA”)[1] requires the County to seek enforcement of its settlement with Home Insurance’s liquidator in New Hampshire and that the Montgomery Circuit Court was thus without authority to enforce the settlement and enter a judgment in favor of the County. We agree.
The UILA was created “to ‘resolve some of the complexities of liquidating an insolvent insurance company with assets in multiple states.’ Levin v. National Colonial Ins. Co., 1 N.Y.3d 350, 356, 806 N.E.2d 473, 476, 774 N.Y.S.2d 465, 468 (2004). Alabama adopted the UILA in 1971 in order ‘to effectuate its general purpose to make uniform the law of those states that enact it.’ [Ala.Code 1975,] § 27-32-22(b).” Ex parte Serio, 893 So.2d 1148, 1150 (Ala.2004).
This Court has recently held that when an insurance company is undergoing rehabilitation or delinquency proceedings in another state that has adopted the UILA, *679 Alabama courts should stay proceedings involving the insurance company in Alabama. In Ex parte Serio, the superintendent of insurance of the State of New York, Gregory Y. Serio, in his capacity as rehabilitator of Frontier Insurance Company (“Frontier”), petitioned this Court for a writ on mandamus to stay an action pending against Frontier in the Mobile Circuit Court. We noted that Frontier was under a rehabilitation order issued by a New York state court, which ordered that “ ‘[a]ll persons are enjoined and restrained from commencing or prosecuting any actions, lawsuits, or proceedings against Frontier....’” 893 So.2d at 1150. Serio argued that, under the UILA, Alabama courts were bound to recognize the order of the New York state court and that the Mobile Circuit Court should stay the case. This Court noted that under the UILA, a court may issue “injunctions or orders as may be deemed necessary to prevent interference with the commissioner or the proceeding, ... or the obtaining of preferences, judgments, attachments or other liens or the making of any levy against the insurer or against its assets....” Ala.Code 1975, § 27-32-5(b). New York had adopted the UILA and was thus considered a “reciprocal state” as defined by Ala.Code 1975, § 27-32-l(8).[2] Because an insurance company undergoing rehabilitation in a reciprocal state had the right to obtain, pursuant to the Alabama UILA, a stay of ongoing litigation in Alabama, we held that Serio had established a clear legal right under the Alabama UILA to a stay of the claims against Frontier pending in the Mobile Circuit Court. 893 So.2d at 1150. See also Ex parte Noble Trucking Co., 675 So.2d 356 (Ala.1996) (recognizing the right of an insurance company undergoing rehabilitation in a reciprocal state to obtain, pursuant to the Alabama UILA, a stay in ongoing litigation in Alabama); Ex parte United Equitable Life Ins. Co., 595 So.2d 1373 (Ala.1992) (directing the trial court, pursuant to the UILA, to stay an action against an insurer involved in a pending rehabilitation proceeding in a reciprocal state).
In the case at issue, the June 13, 2003, order of liquidation entered by the Merrimack Superior Court of New Hampshire states:
“(n) To the full extent of the jurisdiction of the, Court and the comity to which the orders of the Court are entitled, all persons are hereby permanently enjoined and restrained from any of the following actions:
“(1) commencing or continuing any judicial, administrative, or other action or proceeding against [Home Insurance] or the Liquidator;
“(2) commencing or continuing any judicial, administrative, or other action or proceeding against [Home Insurance’s], the Rehabilitator’s or the Liquidator’s present or former directors, officers, employees, agents, representatives, or consultants, including without limitation, Risk Enterprise Management Limited and each of its officers, directors and employees, arising from their actions on behalf of [Home Insurance], the Reha-bilitator or the Liquidator;
“(3) Enforcing any judgment against [Home Insurance] or its property;
“(4) any act to obtain possession of property of [Home Insurance] or to ex *680 ercise control over property of [Home Insurance];
“(5) any act to create, perfect, or enforce any lien against property of [Home Insurance];
“(6) any act to collect, assess, or recover a claim against [Home Insurance], other than the filing of a proof of claim with the Liquidator ...
[[Image here]]
“(o) The Court hereby seeks and requests the aid and recognition of any Court or administrative body in any State ... to act in aid of and to be complementary to this Court in carrying out the terms of [this] Order;
[[Image here]]
“(w) The Liquidator is directed to administer and make payments on all claims against [Home Insurance’s] estate in the domiciliary proceeding....”
(Emphasis added.)
New Hampshire is a reciprocal state under Ala.Code 1975, § 27 — 32—1(8).[3] Thus, under the UILA, the Montgomery Circuit Court erred in failing to heed the stay issued by the Merrimack Superior Court. Serio, supra; United Equitable, supra; Noble Trucking, supra. Moreover, under Ala.Code 1975, § 27-32-18, the County must file its claim for the settlement amount with Home Insurance’s liquidator in New Hampshire pursuant to the order of liquidation issued by the Merrimack Superior Court.
The trial court’s order of July 10, 2003, enforcing the settlement and entering a judgment against Home Insurance is therefore vacated, and the cause is remanded for proceedings consistent with this opinion.
ORDER VACATED AND CAUSE REMANDED.
NABERS, C.J., and SEE, HARWOOD, and STUART, JJ., concur.

. See Ala.Code 1975, §§ 27-32-1(2) through (13); §§ 27-32-4 and -5; and §§ 27-32-15 through -22.

. Alabama Code 1975, § 27-32-1(8), defines a “reciprocal state” as "[a]ny state other than this state in which in substance and effect the provisions of the Uniform Insurers Liquidation Act, as defined in Section 27-32-22, are jn force, including the provisions requiring that the Commissioner of Insurance, or equivalent insurance supervisory official be the receiver of a delinquent insurer.” '

. New Hampshire’s extensive statutory scheme regulating the rehabilitation and liquidation of insurers, N.H.Rev.Stat. 402-C et seq., is in substance and effect the same as Alabama's version of the UILA. See Ala.Code 1975, § 27-32-1(8) and § 27-32-22; see also generally Bath Iron Works Corp. v. Tufts Health Plan of New England, No. Civ. 99-365-P-H (D.Me. Dec. 22, 1999) (unpublished) (holding that New Hampshire was a reciprocal state under Maine’s UILA).