8 So.3d 935 (2008)
Ex parte Larry Ray DUNN.
(In re State of Alabama
v.
Larry Ray Dunn).
1071267.
Supreme Court of Alabama.
October 31, 2008.
Michael L. Cartee of Cartee & Lloyd, Tuscaloosa, for petitioner.
Thomas M. Smith, dist. atty., and Patrick C. Glaze, deputy dist. atty., Tuscaloosa, for respondent.
*936 STUART, Justice.
Larry Ray Dunn petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its order granting the State's petition for a writ of mandamus. In that order the Court of Criminal Appeals directed the trial court to set aside its order granting Dunn's motion to suppress, to accept the jury's verdict, and to sentence Dunn. Dunn, in effect, asks this Court to direct the Court of Criminal Appeals to enter an order denying the State's petition for a writ of mandamus. We grant the petition and issue the writ.

Facts
Dunn moved the trial court to suppress evidence that was seized from his residence and that provided the basis for a criminal charge against him. After conducting a suppression hearing outside the presence of the jury, the trial court stated that it was taking Dunn's suppression motion "under advisement" and that the trial would proceed. The State did not move, pursuant to Rule 15.6(b), Ala. R.Crim. P.,[1] for a pretrial determination on the admissibility of the evidence. At the close of the State's case, Dunn renewed his motion to suppress. The trial court stated that it would continue to take Dunn's suppression motion under advisement. After the jury returned a verdict of guilty, the trial court and counsel for both sides discussed a schedule for briefing Dunn's suppression issues. The parties briefed the issues, and, after considering the briefs, the trial court granted Dunn's motion to suppress.
The State then filed a petition for a writ of mandamus with the Court of Criminal Appeals, asking that court to prohibit the trial court from granting Dunn's motion to suppress and to direct the trial court to enter a judgment of guilt finalizing the jury's verdict and to pronounce sentence. The Court of Criminal Appeals granted the State's petition and ordered the trial court to set aside its suppression order, to accept the jury's verdict, and to sentence Dunn. State v. Dunn (CR-07-0644, May 28, 2008), ___ So.3d ____ (Ala.Crim.App.2008)(table).
Dunn petitions this Court for a writ of mandamus directing the Court of Criminal Appeals to vacate its order granting the State's petition and to enter an order denying the State's petition.

Standard of Review
"Our review of a decision of the Court of Criminal Appeals on an original petition for a writ of mandamus is de novo. Rule 21(e)(1), Ala. R.App. P.; Ex parte Sharp, 893 So.2d 571, 573 (Ala. 2003). The standard for issuance of a writ of mandamus is well settled:
"`A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by *937 a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'
"Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001)(citing Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000))."
Ex parte McCormick, 932 So.2d 124, 127-28 (Ala.2005).

Discussion
Dunn contends that the Court of Criminal Appeals erred in issuing the writ because, he says, among other reasons, the State did not establish that the trial court had "an imperative duty ... to perform" and that it "refus[ed] to do so."
"Mandamus is relief to be issued only in rare circumstances." Ex parte United Equitable Life Ins. Co., 595 So.2d 1373, 1374 (Ala.1992). Here, the materials before us clearly establish that the State failed to satisfy the requirement for mandamus relief of "an imperative duty upon the [trial court] to perform, accompanied by a refusal to do so." Because the State did not move for a pretrial determination on the admissibility of the evidence, the trial court had the discretion to take Dunn's suppression motion under advisement, proceed with the trial, and issue a ruling after the jury returned its verdict. Thus, nothing before us indicates that at the time the trial court entered its order suppressing the evidence it had an imperative duty to perform and refused to do so. Mandamus is a drastic and extraordinary remedy that "will be denied, [when] there is another specific and sufficient remedy provided by law." Arrington v. Van Houton, 44 Ala. 284, 286 (1870). Because the State failed to satisfy the requirements for mandamus relief, the Court of Criminal Appeals erred in issuing the writ.

Conclusion
Based on the foregoing, we grant Dunn's petition and direct the Court of Criminal Appeals to vacate its writ and to enter an order denying the State's petition.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and SEE, LYONS, SMITH, BOLIN, and PARKER, JJ., concur.
WOODALL and MURDOCK,[2] JJ., concur in the result.
MURDOCK, Justice (concurring in the result).
I believe the main opinion reaches the right result, but for the wrong reason. The State was not entitled to a writ of mandamus from the Court of Criminal Appeals if it could not establish all four of the elements necessary for the issuance of such a writ:
"(1) a clear legal right to the relief sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of this Court."
Ex parte Bill Heard Chevrolet, Inc., 927 So.2d 792, 798 (Ala.2005). The main opinion concludes, wrongly in my view, that the State failed to establish the second element, i.e., that the trial court was under "an imperative duty ... to perform" but refused to do so. I believe the proper ground upon which to base our decision in *938 this case, however, is that the State failed to establish the first element, i.e., that it had "a clear legal right to the relief sought."
If the State had a clear legal right to the entry of a judgment based on the jury's verdict, then I do not see how it would not be "imperative" for the trial court to enter that judgment at the procedural juncture at which the trial court and the parties had arrived when the State sought mandamus relief from the Court of Criminal Appeals. The trial was at an end. The jury had returned its verdict against the defendant. The trial court had ruled that some of the evidence upon which the jury had reached its verdict should have been suppressed. The only thing left for the trial court to do  indeed, the very next thing for the trial court to do  was to consider the entry of an order granting the defendant a new trial or a judgment of acquittal. If the State was to obtain the relief it sought  the avoidance of an order for a new trial or a judgment of acquittal, and instead the procurement of a judgment of conviction based upon the jury's verdict  it obviously was imperative for the State to obtain that at the juncture at which it sought it. Further, the trial court's posttrial, postverdict order granting the defendant's motion to suppress the evidence was tantamount, at least in this particular case, to a refusal to enter a judgment of conviction based on the jury's verdict.
The problem in my view is not that the duty, if any, on the part of the trial court to perform was not imperative; it is that there simply was no such duty  at least not as this case has been argued. In other words, the problem for the State as I see it is that it has no "clear legal right to relief" in the circumstances presented.
The order of the trial court suppressing the evidence in question has not been challenged on its merits in the Court of Criminal Appeals or in this Court. The only other challenge to this ruling that the State could make, and the only challenge that it has in fact attempted to make, is that the suppression order by the trial court came too late procedurally  specifically, that the trial court could not suppress the evidence at the late date (posttrial and postverdict) at which it purported to do so. It is not necessary to address the merits of this argument in order to determine that the State does not have a clear legal right to relief based upon it. This is so because it is an argument that the State did not make to the trial court. To the contrary, the State repeatedly had the opportunity throughout the litigation  before, during, and after the trial  to assert this position but did not do so. It repeatedly acquiesced in the trial court's continued reservation of the issue of suppression until after the trial had been concluded and a verdict returned.
Our appellate courts do not grant relief based on arguments presented for the first time to the appellate court. Ex parte Farley, 981 So.2d 392, 397 (Ala.2007) (quoting Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992), and Baldwin County Elec. Membership Corp. v. Catrett, 942 So.2d 337, 348 (Ala.2006)). See also Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654, 659, 55 S.Ct 890, 79 L.Ed. 1636 (1935) ("The verdict for the plaintiff was taken pending the court's rulings on the motions and subject to those rulings. No objection was made to the reservation or this mode of proceeding, and they must be regarded as having the tacit consent of the parties."). Thus, the State did not seek in its petition to the Court of Criminal Appeals to vindicate a "clear legal right to relief." It is on this basis that I concur in the result.
NOTES
[1] Rule 15.6(b), Ala. R.Crim. P., provides:

"(b) Admissibility of Evidence. Upon motion of either party or upon its own motion, the court may order that the question of the admissibility of any specified evidence be submitted for pre-trial determination as if a motion to suppress had been timely filed by the party opposed to the introduction of the evidence."
A request by the State for a pretrial ruling on the admissibility of evidence permits the State, if its evidence is suppressed, to appeal the trial court's suppression order to the Court of Criminal Appeals. See Rule 15.7, Ala. R.Crim. P. See also State v. A.R.C., 873 So.2d 261, 267 (Ala.Crim.App.2003)(recognizing that if the State filed a motion in limine seeking a pretrial ruling on the admissibility of the evidence and the trial court suppressed the evidence, the State could appeal the ruling, pursuant to Rule 15.7, Ala. R.Crim. P., to the Court of Criminal Appeals).
[2] Although Justice Murdock did not sit for oral argument of this case, he has viewed the video recording of that oral argument.